

Jonathan D. Ball, Ph.D.
Tel 212.801.2223
Fax 212.805.9303
ballj@gtlaw.com

**VIA ECF**

January 13, 2020

Honorable Alvin K. Hellerstein
District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

Re: *Ameziel, Inc. v. Wiesner Products, Inc.*, Case No. 20-cv-02095 (AKH)

Dear Judge Hellerstein:

    We represent Plaintiff Ameziel, Inc. ("Ameziel") in this matter and write in response to Defendant Wiesner Products, Inc.'s letter (ECF No. 29) claiming to provide "further comments in connection with the responses to the interrogatories posed by the Court" in its December 21, 2020 Order (ECF No. 29). Defendant's letter far exceeds the Court's targeted interrogatories, which seek logistical details about the publication of the Korean prior art reference. Instead, it largely re-hashes the same arguments set forth in its Opposition brief. ECF No. 18.

    Defendant's first argument is pure semantics and grossly misleading. It takes issue with Ameziel's (and the Court's) reference to the Korean prior art reference as a design "patent." There is no legal significance to Defendant's preferred terminology of the Korean prior art reference as a "Registered Design." As explained in the parties' joint submission, there is no dispute that the Korean prior art reference published before the filing date of the patent in suit and qualifies as a "printed publication" under 35 U.S.C. §102(a). *See* ECF No. 28.

    Defendant's next three arguments recycle arguments already made in Defendant's Opposition Brief. Ameziel has already explained why these arguments lack merit and fail to raise a material issue of fact in its Reply brief. ECF No. 19. Defendant attempts again to manufacture an issue of material fact purportedly based on the translation of the Korean reference. However, there is nothing in the translation that alters the basic fact that the same design was already disclosed.

**Greenberg Traurig, LLP | Attorneys at Law**

MetLife Building | 200 Park Avenue | New York, New York 10166 | T +1 212.801.9200 | F +1 212.801.6400

Albany. Amsterdam. Atlanta. Austin. Berlin. Boca Raton. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Los Angeles. Mexico City. Miami. Milan. Minneapolis. Nashville. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. San Francisco. Seoul. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ˜Greenberg Traurig Germany, LLP; ˆA separate UK registered legal entity; *Greenberg Traurig, S.C.; ⁰Greenberg Traurig Santa Maria; ∞Greenberg Traurig LLP Foreign Legal Consultant Office; ^A branch of Greenberg Traurig, P.A., Florida, USA; ᴿGT Tokyo Horitsu Jimusho; ˜Greenberg Traurig Grzesiak sp.k.

www.gtlaw.com

Honorable Alvin K. Hellerstein
January 13, 2021
Page 2

      Defendant then argues that the Court's request that Plaintiff provide it with a translation of the Korean prior art reference prevents judgment on the pleadings because it is outside of the pleadings. This is a transparent attempt to fabricate an issue where none exists. There is no dispute that the Korean prior art reference is attached to the pleadings and may be considered for Ameziel's motion. Providing a translation—at the Court's request—does not preclude the Court from evaluating it for purposes of Ameziel's motion, particularly when the relevant material (*i.e.*, the designs) did not require a translation.

      Defendant also claims that "Plaintiff has not identified a single case where a design patent has been invalidated on a motion for judgment on the pleadings." But, courts regularly grant motions for judgment of the pleadings where, as here, the non-moving party's pleadings are deficient and fail to raise a material issue of fact. *See, e.g.*, *Wild Bunch, SA v. Vendian Entm't, LLC*, 2018 U.S. Dist. LEXIS 35634, at *14 (S.D.N.Y. Feb. 26, 2018) (finding that a defendant's "boilerplate denials … are not sufficient for purposes of defeating a Rule 12(c) motion."). At the oral argument on Ameziel's motion, Your Honor noted that Defendants' Answer was "deficient" and indicated that it "would award judgment on the pleadings to plaintiff on this issue, unless you wish to amend." Hr'g Tr. at 16:11-15. Defendant has chosen to decline the Court's invitation and elected stand on its deficient pleadings. Under these circumstances, judgment on the pleadings is warranted.

Respectfully submitted,

*/s/ Jonathan D. Ball*

Jonathan D. Ball